# EXHIBIT 3

attached to: "COMPLAINT AND REQUEST FOR INJUNCTION//
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF"
by Plaintiff Brian David Hill

Case no. _____, W.D.VA

Ally of Q, Former news reporter of USWGO Alternative News
JUSTICEFORUSWGO.WORDPRESS.COM



EXHIBIT PAGES 1 OF 7

Modification

From: Haylea Workman (haylea_workman@vawp.uscourts.gov)
To: rbhill67@yahoo.com
Date: Thursday, September 12, 2024 at 04:55 PM EDT

Brian and Roberta Hill,

On April 25, 2024, my supervisor and I had a discussion with Brian Hill about modifying his conditions, specifically addressing his gaming systems, desktop computer, and smart phones. We have been patiently waiting for the Administrative Office (AO) to release new cyber crime management conditions. The new conditions are now available for districts around the United States to implement. Attached is a modification order for Brian Hill's review. If he is agreeable to the conditions, there is a signature block for Brian Hill and Roberta Hill, please sign accordingly. If Brian is not agreeable to these conditions, please advise.

Thank you,



**Haylea Workman**
U.S. Probation Officer

**United States Probation Office**
**Western District of Virginia**

**Phone:** 540-857-5180 x5506
**Mobile:** 540-666-8671
**Email:** Haylea_Workman@vawp.uscourts.gov

210 Franklin Rd. SW
Suite 402
Roanoke, VA 24011

vawd.uscourts.gov



- Hill, Brian - Prob 49.docx
  24.7kB

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

## UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF VIRGINIA

**United States of America**                                  Docket No. 4:20CR00027

vs.

**Brian David Hill**

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The following special conditions shall be <u>removed</u>:**

1) The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

2) If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

3) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

4) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on the defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

5) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

6) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

7) The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(1), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

**The following special conditions shall be <u>imposed</u>:**

1) The defendant is ordered to participate in cybercrime management and will inform the probation officer of all computer devices possessed or accessible to him/her. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. The defendant will not acquire or access any new or additional computer devices unless approved by the probation officer. The defendant will also inform the probation officer of all his/her computer devices, internet service providers (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that the defendant creates or receives additional user accounts.

2) The defendant is permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation Office to configure, manage, and install monitoring software on all approved standard computer devices. Standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPO. The configuration, management, and monitoring of the standard computer devices shall be specific to the defendant's Court-ordered conditions, risk and needs, and cybercrime management requirements.

3) Non-standard computer devices possessed or accessible to the defendant (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation Office for risk and need of use. The defendant must permit the U.S. Probation Office to configure and/or manage approved non-standard devices for compliance with Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

4) The defendant must allow the U.S. Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by the defendant. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

5) The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media], or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.

6) The defendant may possess and use an Internet capable smart phone as long as the device does not have a mobile hotspot feature (e.g. Personal Hotspot, Internet Sharing, Wi-Fi Hotspot, etc.) or the mobile hotspot feature can be removed, blocked or deactivated; and monitoring software is installed on the device.

7) The defendant may continue to possess and use his PlayStation 2 videogame system, PlayStation 4 videogame system, Xbox 360 videogame system, and desktop computer as long as he only uses the above devices in his residence; does not obtain Internet service in his residence; and does not connect the above devices to the Internet via the Wi-Fi service in his mother's residence. The defendant must allow the probation officer to examine the above devices during home visits to monitor his compliance with his conditions of supervised release.

8) The defendant may no longer possess and use his handheld Nintendo Switch videogame system because the device has an Internet browser application; the device can access the Internet via the free Wi-Fi service offered at many coffee shops, restaurants, and stores; and monitoring software cannot be installed on the device.

3

I certify that I signed this document voluntarily and I was not coerced or forced to sign the document by my probation officer or the U.S. Probation Office.

Witness: _____     Signed: _____
          Roberta Hill                                    Brian Hill

_____
Date