# EXHIBIT 7

attached to: "COMPLAINT AND REQUEST FOR INJUNCTION//
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF"
by Plaintiff Brian David Hill

Case no. _____, W.D.VA

Ally of Q, Former news reporter of USWGO Alternative News
JUSTICEFORUSWGO.WORDPRESS.COM



FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF VIRGINIA
210 FIRST STREET, SW, SUITE 400
ROANOKE, VIRGINIA 24011
(540) 777-0880
FAX: (540) 777-0890

Nia Vidal
Supervisory Assistant Federal Public Defender
(540) 777-0898 (Direct)

Mary E. Maguire
Federal Public Defender
(540) 777-0895

January 30, 2025

**VIA EMAIL: rbhill67@yahoo.com**

Brian Hill
310 Forest Street
Martinsville, VA 24112

Dear Mr. Hill:

I am in receipt of your letters requesting that I subpoena the U.S. Probation Office's files regarding your communications with your former probation officer, Jason McMurray. Given the nature of the hearing scheduled on February 18, 2025, which is whether Judge Cullen will modify the conditions of your supervised release, I am not inclined to do that. According to the probation office, there is one note from Mr. McMurray regarding your use of devices, which was that you had a computer that was not connected to the internet. The probation office acknowledges that Mr. McMurray gave you permission to have and use your devices.

I understand you have pending *pro se* matters regarding your previous supervised release violation, as well as your underlying conviction from the U.S. District Court for the Middle District of North Carolina. The hearing on February 18, 2025 does not concern those matters, but concerns whether the court will modify the conditions of your supervised release.

Initially, U.S. Probation Officer Haylea Workman filed a request to modify the conditions of your supervised release when she filed the document "Request for Summons and Modification of the Conditions or Term of Supervision" on November 15, 2024. You should have a copy of that document. Originally, she wanted to significantly revise the prior conditions of your supervised release as outlined on pages 2 and 3 of the Request.

As you know, I filed a memorandum on your behalf outlining your concerns with the suggested revised conditions, given Jason McMurray's previous supervision of you and the understanding that you had with him regarding the use of your devices, as well as your concerns about the probation officer having access to review your desktop computer that you use for the preparation of your legal documents. In response to that, the probation office has decided to amend its original requested modification.

The probation office proposes that the current conditions listed on pages 1 and 2 of the Request remain the same, except condition 4 would be removed, and three conditions would be added. The current condition 4 that probation proposes to be removed states: "In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on the defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control."

In addition to removing the current condition 4, the probation office seeks to add the following conditions:

Add Condition 1A *or* 1B, Condition 2 & Condition 3

Condition 1A
The defendant may possess and use a cell phone that cannot access the Internet (e.g. a basic flip phone). The defendant may not possess and use an Internet capable smart phone.

Condition 1B
The defendant may possess and use an Internet capable smart phone under the following conditions: 1) the device does not have Internet service, 2) the device can be configured so it cannot access the Internet via Wi-Fi service, 3) the probation officer is allowed to configure the device so it cannot access the Internet via Wi-Fi service and password protect the configuration, 4) the defendant does not circumvent the above configuration, and 5) the probation officer is allowed to examine the device to monitor the defendant's compliance with his conditions of supervised release.

Condition 2
The defendant may possess and use his PlayStation 2 videogame system, PlayStation 4 videogame system, Xbox 360 videogame system, and desktop computer under the following conditions: 1) the defendant only uses the above devices at his residence, 2) the defendant does not obtain Internet service in his residence, 3) the defendant does not connect the above devices to the Internet via the Wi-Fi service in his mother's residence, and 4) the probation officer is allowed to examine the above devices (except the desktop computer which the defendant uses to prepare legal documents) to monitor the defendant's compliance with his conditions of supervised release.

Condition 3
The defendant may not possess or use his handheld Nintendo Switch videogame system.

Please keep in mind that, due to the nature of your conviction in North Carolina, the court will most certainly require the monitoring of your devices, with the exception of your desktop computer. I would appreciate you letting me know your thoughts regarding the new proposed

conditions, which are less restrictive than the new conditions initially requested by the probation officer.

Please let me know your thoughts about these proposed new conditions. I had previously asked you to provide me your thoughts about the requested new conditions in the "Request for Summons and Modification of the Conditions or Term of Supervision," which I never received from you. I asked you to provide your thoughts in writing because you seem to be more comfortable communicating in writing than orally. I ask you now again to provide me your thoughts about the newly proposed conditions outlined in this letter so I will know how to proceed at the February 18, 2025 hearing.

Although I know you are more comfortable writing, I am still available to you by phone. That number is (540) 777-0898. Thank you.

Sincerely,

*Nia Ayanna Vidal*
Nia Ayanna Vidal
Supervisory Assistant Federal Public Defender