IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

BRIAN DAVID HILL,
          Plaintiff,

v.                                                           Civil Action No. 4:25cv4

HAYLEA WORKMAN, *et al.*,
          Defendants.

### **FINAL ORDER**

This matter comes before the Court on a motion for leave to proceed *in forma pauperis* filed by the plaintiff, Brian David Hill. (ECF No. 1.) Upon due consideration, the Court FINDS Hill unable to pay the costs of proceeding in this case. Accordingly, the Court GRANTS Hill's motion and DEEMS the complaint docketed.

When a plaintiff proceeds without prepaying fees or costs, as Hill does here, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The Court affords *pro se* complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nevertheless, the Court need not attempt to "discern the unexpressed intent of the plaintiff." *Id.* Furthermore, liberal construction does not excuse a clear failure to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Hill raises various constitutional claims under 42 U.S.C. § 1983 and the All Writs Act, 28 U.S.C. § 1651, against United States Probation Officer Haylea Workman and Assistant United States Attorney Drew Iman; and claims under the Virginia Rules of Professional Conduct ("the

Rules") against Iman.[1] After reviewing Hill's complaint, the Court must dismiss this case for failure to state a claim.

First, the Court must dismiss Hill's constitutional claims under § 1983. Section 1983 only applies to claims against state actors. Workman and Iman are federal actors, meaning Hill cannot raise § 1983 claims against them. *See, e.g., Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) ("[Section] 1983 does not apply to federal actors." (citing *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963))).

Second, Hill's claims under the All Writs Act fail because his complaint does not meet the high threshold for invoking this form of relief. The All Writs Act allows "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[T]he All Writs Act does not independently confer subject-matter jurisdiction on federal courts." *In re Am. Honda Motor Co., Inc., Dealerships Rels. Litig.*, 315 F.3d 417, 437 (4th Cir. 2003). Rather, it is a means for "issuing process in aid of its existing statutory jurisdiction" and "does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) (citations and quotations omitted). "Injunctive relief under the All Writs Act . . . is available 'only in the most critical and exigent circumstances . . . if the legal rights at issue are indisputably clear.'" *In re McEvily*, 55 F. App'x 712 (4th Cir. 2003) (per curiam) (quoting *Brown v. Gilmore*, 533 U.S.

---

[1] Although Hill's complaint describes various events and actions taken by federal, state, and private actors, he specifically names Workman and Iman—and not those other parties—as defendants. His causes of action likewise focus on Workman's and Iman's actions and the harm he contends those actions caused. Further, although he includes the United States Attorney's Office and the United States Office of the Attorney General in the list of defendants in one part of his complaint, everywhere else he identifies Workman and Iman as the sole defendants, including in his jurisdictional statement and the causes of action section. (*Compare* ECF No. 2, at 3, *with id.* at 1, 41–57.) Taking Hill's claims in context, the Court understands Hill's complaint as one against Workman and Iman only.

1301, 1303 (2001) (Rehnquist, C.J., in chambers) (internal citations and quotation marks omitted)). Moreover, the All Writs Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Hill has not identified an indisputably clear legal right or any exceptional circumstances to justify his request for injunctive relief under the All Writs Act, *see In re McEvily*, 55 F. App'x at 712, nor has he shown beyond conclusory allegations that he has "no other adequate means to attain the relief he desires," *see In re Miles*, 143 F. App'x 551 (4th Cir. 2005) (per curiam). The Court, therefore, must dismiss his claims under the All Writs Act.

Third, Hill cannot raise claims against Iman under the Rules, which expressly state that a

> [v]iolation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.

Va. Rules of Pro. Conduct Preamble.[2] Thus, Hill cannot assert claims against Iman based on the Rules, and it declines to make a referral to the Virginia State Bar for Iman's alleged misconduct.

For the foregoing reasons, the Court dismisses Hill's complaint WITHOUT PREJUDICE and DIRECTS the Clerk to close this case. The Court does not grant leave to amend, rendering this Order final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022). Should Hill wish to appeal this Order, he must file a written notice of appeal with the Clerk of Court within

---

[2] *See, e.g., Smith v. Bertini*, No. 2:15cv509, 2016 WL 8261718, at *2 n.1 (E.D. Va. Feb. 22, 2016) ("Plaintiff's Complaint does not state a claim against Defendant for a violation of the Virginia Rules of Professional Conduct because, as noted in the Preamble of the Rules, a rule violation should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. [The Rules] are not designed to be a basis for civil liability." (alteration in original) (citation and quotations omitted)), *aff'd*, 669 F. App'x 631 (4th Cir. 2016).

sixty (60) days of the date of this Final Order. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

    It is so ORDERED.

    Let the Clerk mail a copy via U.S. Mail to the *pro se* plaintiff.

Date: 19 March 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge